IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HERBERT J. BLAKENEY,         :
                            :
         Plaintiff        :      CIVIL ACTION NO. 01-2423
                            :
     v.                  :
                            :      (Judge Jones)
DAUPHIN COUNTY PRISON,     :
et al.,                   :
                            :
        Defendants    :

## O R D E R #2

April 20, 2005

## BACKGROUND

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

Presently before the Court is a Motion for Reconsideration ("the Motion") (doc. 184),

of the Court's March 10, 2005 Order, filed by Plaintiff Herbert J. Blakeney

("Plaintiff" or "Blakeney"), which denied Plaintiff's Motion for Summary Judgment.[1]

For the reasons that follow, the Court will deny the motion.

---

1 Although entitled a Motion for Summary Judgment, Plaintiff's Motion consisted of numerous pages of discovery requests, a motion for appointment of counsel, a motion for a "merger" of the instant action with Blakeney v. Dauphin County, et al., civil action no. 4:04-CV-0791, or to hold in abeyance a decision on the pending Motion for Summary Judgment filed in the instant action, until "deliberations and findings are completed" in civil action no. 4:04-CV-0791, and a motion for a hearing. It also sought to raise new allegations against the existing defendants, as well as to raise new claims against individuals not named in this action. (See Rec. Doc. 158).

The standard for determining whether to grant a motion for reconsideration is a stringent one. It is a type of relief which should be granted sparingly. See Armstrong v. Reisman, No. 99-CV-4188, 2000 WL 288243, *2 (E.D. Pa. March 7, 2000). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); see also Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)(noting three possible grounds upon which a motion for reconsideration might be granted: "(1) intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice"). Further, this Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. Dodge, 796 F. Supp. at 830. A motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Id. Instead, a motion for reconsideration is appropriate where the court has patently misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Blakeney fails to satisfy any of the above-referenced three grounds which would warrant reconsideration in this case.   He seeks to merely relitigate the issues based upon his disagreement with this Court's prior order.   Thus, his Motion for Reconsideration is meritless.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.     Plaintiff's Motion for Reconsideration (doc. 184) is DENIED.


John E. Jones III
United States District Judge